DESAI LAW FIRM, P.C.
Aashish Y. Desai, Esq. (SBN 187394)
Adrianne De Castro, Esq. (SBN 238930)
3200 Bristol St., Ste. 650
Costa Mesa, CA 92626
Telephone: (949) 614-5830
Facsimile: (949) 271-4190

DESAI LAW FIRM, P.C.
Aashish Y. Desai (TX 24045164)
401 Congress Ave., Ste. 1540
Austin, TX 78701
Telephone: (512) 687-3455
Facsimile: (512) 687-3499
aashish@desai-law.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MORRIS, on behalf of herself and all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHEM INC., a Indiana corporation, BLUE CROSS OF CALIFORNIA, dba ANTHEM BLUE CROSS, a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br><u>CLASS ACTION</u><br><br>(1) VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW<br><br>(2) VIOLATION OF CALIFORNIA DATA BREACH ACT<br><br>(3) BREACH OF CONTRACT<br><br>(4) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING<br><br>(5) MONEY HAD AND RECEIVED<br><br><u>DEMAND FOR JURY TRIAL</u> |

1

CLASS ACTION COMPLAINT

Plaintiff SUSIE MORRIS, an individual, on behalf of herself and on behalf of all others similarly situated ("Plaintiff"), hereby alleges as follows:

## INTRODUCTION

1. Defendants ANTHEM INC, and BLUE CROSS OF CALIFORNIA, dba ANTHEM BLUE CROSS, a subsidiary of Anthem Inc. ("Anthem" or "Defendant") is one of the largest health insurers in the United States. This case is brought as a result of Anthem's failure to properly secure and protect its users' sensitive personally identifiable information ("PII"), including names, birth dates, Social Security numbers, addresses, phone numbers, email addresses and member IDs.

2. On or about February 2015, Anthem formally announced a security breach. Anthem's breach could be one of the largest affecting health care providers. In fact, Anthem boasts of more than 37.5 million subscribers for its health plans, and more than 68 million people are served by its affiliated companies under the brands Blue Cross and Blue Shield, Empire Blue Cross, Amerigroup, Caremore, Unicare, Healthlink and DeCare. The massive breach should not have come as a surprise to Anthem because its shoddy security protocols and track record made it susceptible to the massive hack that resulted.

3. Plaintiff and the Class she seeks to represent have been damaged by Anthem's conduct in that they paid more than they would have had they known how the company would fail to properly secure and misuse their personal information. Additionally, Plaintiffs and the Class have been damaged because they purchased and used products and services of a quality different than they were promised and which they contracted for.

4. Plaintiff therefore brings this action on behalf of a proposed class of Anthem customers whose personal information was compromised as a result of the data breach that occurred sometime from December 10, 2014 to February 4, 2015.

5.      Plaintiff brings this action as a class action seeking all appropriate damages and remedies available to her and members of the class proposed herein.

6.      All allegations in this complaint are based upon information and belief and are based upon, *inter alia*, an informal investigation.

## THE PARTIES

7.      Plaintiff is an individual and a resident of the County of Orange, State of California.

8.      Anthem, Inc. is headquartered in Indianapolis, Indiana.

9.      Anthem Blue Cross is a subsidiary of Anthem Inc.  It is a California corporation that conducts business throughout the state of California.

10.     Plaintiff is informed and believes, and based thereon alleges that at least some of the wrongful acts alleged herein were performed or occurred in the County of Orange, State of California.

11.     Anthem Blue Cross is registered to conduct business in California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the markets within California, through the promotion, sale, marketing and distribution of its products and services in California, to render the exercise of jurisdiction by this Court proper and necessary.

12.     The true names and/or capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10 inclusive, and each of them, are unknown.  Plaintiff therefore sues these Defendants by fictitious names. Plaintiff is informed and believes, and upon such information and belief hereby alleges, that each of the Defendants and fictitiously named herein as a DOE is legally responsible, negligently or in some other manner, for the events and happenings hereinafter referred to and proximately caused the damages to Plaintiff and proposed class members as hereinafter alleged.  Plaintiff will seek leave of Court to amend this Complaint to insert the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

a. This Court also has original jurisdiction over Class Members' state law claims pursuant to the Class Action Fairness Act of 2005. 28 U.S.C. § 1367. At least one of the parties from each side is from different states (minimal diversity) and the amount in controversy is well over $5,000,000.00.

b. Venue is proper in this judicial District because a substantial part of the events and omissions giving rise to the claims occurred in this District. Venue is also proper in this District because there is personal jurisdiction over Defendant, and a substantial number of unnamed class members reside in this District and California. Presently and at all times, Defendant has conducted substantial, continuous and systematic commercial activities in this District.

## COMMON ALLEGATION

13. Defendant confirmed that the information of millions of its customers has been hit by a massive data breach attack.

14. Defendant established a website. On it, Defendant confirms that information has been compromised and that the Defendant is "working around the clock to determine how many people have been impacted." www.anthemfacts.com.

15. Defendant also confirmed to various media outlets that the unlawful access to customer information was noticed as early as January 27, 2015 and may go back to December 10, 2014. Two days later, an internal investigation verified that the company was the victim of a cyber attack.

16. The FBI was contacted as confirmed to various newspapers.

17. The breach involves the theft of information stored on various computers and data storage devices, and involves "tens of millions" of records.

18. Anthem has almost 80 million customers, which it sometimes calls members.

19. The type of data stolen would allow thieves to apply for credit cards, home loans, car loans, gas cards, open a stock brokerage account, penetrate existing accounts at financial institutions, and otherwise cause mischief. It appears that

Anthem's security system did not involve encrypting Social Security numbers and birth dates – two of the most valuable pieces of information that a thief can have.

**Prior Actions**

20.     Anthem has been on notice of its security problems.  In 2012, Anthem Blue Cross settled a lawsuit brought by then California Attorney General Kamala Harris over a security breach of some 33,000 customers when it sent letters to them with their Social Security numbers clearly visible through a transparent window on the envelops.  Then in 2013, Anthem again exposed its customers Social Security numbers in a document posted to its own web site.  Worse still, the company agreed to pay $1.7 million to resolve federal allegations that it exposed health information of 612,402 people because of another security weakness.  Federal officials noted that Anthem had what it deemed as "inadequate safeguards" in an online application database and left birth names, Social Security numbers and health data accessible to unauthorized people.  Undeterred -- and apparently unmotivated -- by these events, Anthem still has failed to adequately protected its customers' private and sensitive information.

21.     Plaintiff and the Class had a reasonable expectation that their PII would remain private and confidential, and she did not expect that her PII would be hacked in the manner it was.  Plaintiff believes that a portion of the money she paid for the products at Anthem was to provide for adequate security to protect her personal information.  As a result of Anthem's practices, Plaintiff and the Class she seeks to represent, have been damaged and have lost money or property as a result of Anthem's misrepresentations, concealments, and non-disclosure of its poor, substandard security practices, because they purchased products and services of a quality different than they were promised and contracted for, and paid a premium, for what they believed was a safe purchase, that they otherwise would not have paid.

# CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of herself and all others similarly situated. This suit is properly maintainable as a class action pursuant to F.R.Civ.P. 23(a) and (b)(1), (b)(2) and/or (b)(3). Plaintiff seeks to represent a Class (the "Class") composed of and defined as follows:

> **All individuals and entities in the United States whose personal information was compromised as a result of the data breach that occurred somewhere between December 10, 2014 and February 4, 2015.**

23. Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

24. This action has been brought and may properly be maintained as a class action under the provisions of F.R.Civ.P. 23 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.  Numerosity**

25. The potential members of the proposed Class as defined are so numerous that joinder of all the members of the proposed Class is impracticable. While the precise number of proposed Class Members has not been determined at this time, Plaintiff is informed and believes that the proposed Class encompasses approximately 40 million members.

26. Plaintiff alleges Defendant's records will provide information as to the number and location of all proposed class members. Joinder of all members of the proposed Class is not practicable.

**B.  Commonality**

27.  There are questions of law and fact common to the proposed Class that predominate over any questions affecting only individual class members. These common questions of law and fact include, without limitation:

    a.  Whether Defendant failed to protect its customers' PII with industry-standard protocols and technology;

    b.  Whether Defendant's practices are false, misleading, or reasonably likely to deceive;

    c.  Whether Defendant failed to disclose material facts relating to the character and quality of its securities practices;

    d.  Whether Defendant's conduct was reckless;

    e.  Whether California law applies to the proposed Class;

    f.  Whether Defendant's conduct constitutes a breach of contract;

    g.  Whether Defendant's conduct was negligent and/or grossly negligent;

    h.  Whether Defendant's violated the California Data Breach Act, Cal. Civ. Code § 1798.80, *et seq.* as alleged;

    i.  Whether Defendant engaged in unlawful, unfair, or fraudulent business practices in violation of California's Business and Professions Code § 17200, *et seq.* as alleged;

    j.  Whether Plaintiff and other Class members are entitled to equitable relief, including, but not limited to preliminary and/or permanent injunction.

**C.  Typicality**

28.  The claims of the named Plaintiff are typical of the claims of the proposed Class. Plaintiff and all members of the proposed Class sustained injuries and damages arising out of Defendant's common course of conduct.

**D.     Adequacy of Representation**

29.     Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Class. Counsel is competent and experienced in class action litigation.

**E.     Superiority of Class Action**

30.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class Members is not practicable, and questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class. Each member of the proposed Class has been damages and is entitled to recover by reason of Defendant's illegal policies and/or practices.

31.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to preclude the efficient management of this case as a class action.

## FIRST CAUSE OF ACTION

**(For unlawful, unfair, and fraudulent business practices under**

**California Business and Professions Code § 17200, *et seq*.)**

32.     Plaintiff incorporates all prior paragraphs as though fully set forth herein.

33.     Defendant's acts and practices constitute unlawful, unfair, and /or fraudulent business practices, in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.

34.     Defendant's conduct constitutes fraudulent practices in that they are likely to deceive a reasonable consumer.

35.     Defendant's acts and practices constitute unlawful practices in that they violate the California Data Breach Act, Cal. Civ. Code § 1798.80, *et seq*.

1  Defendant's unlawful practices also violate California's Online Privacy Protection
2  Act, Cal. Bus. & Prof. Code § 22576, which prohibits any company whose website
3  or online service that collects personal identifiable information form California
4  consumers from "knowingly and willfully" or "negligently and materially"
5  breaching its own posed privacy policy.

36. Defendant's acts and practices constitute unlawful practices in that they constitute a systematic breach of contract.

37. Defendant engaged in unfair business practices by, among other things:

    a. Engaging in conduct where the utility of the conduct is outweighed by the gravity of the consequences to Plaintiff and the other members of the Class;

    b. Engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and the other member so the Class; and

    c. Engaging in conduct that undermines or violates the stated policies underlying the California's Online Privacy Act and the California Data Breach Act, which seek to protect consumers and their PII.

38. As a direct and proximate result of Defendant's unlawful, unfair and fraudulent business practices, Plaintiff and the Class have suffered injury in fact and lost money or property, in that they purchased retail health products they otherwise would not have purchased and paid more these products and serviced than they otherwise paid.

39. Plaintiff and the members of the Class are entitled to equitable relief, including restitutionary disgorgement of all profits accruing to Anthem because of its unlawful, unfair and fraudulent, and deceptive practices, attorney's fees and costs, declaratory relief, and a permanent injunction enjoining Anthem from its

unlawful, unfair, fraudulent and deceitful activity.

## SECOND CAUSE OF ACTION

**(Violation of the California Data Breach Act, Cal. Civ. Code § 1780, *et seq*.)**

40. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

41. The data breach constituted a "breach of the security system" of Anthem pursuant to Cal. Civ. Code § 1798.82(g).

42. Defendant negligently and recklessly failed to provide reasonable and adequate security measures. Defendant also unreasonably delayed informing the Plaintiff and member of the Class about the security breach of Class members' confidential and non-public information after Anthem knew the data breach had occurred.

43. As a result of Anthem's conduct Plaintiff and the Class incurred economic damages related to the expenses for credit monitoring and the loss associate with paying supra-competitive prices for products that they believed were purchased through secure transactions. They would not have paid such inflated priced had they known that their PII would be compromised.

44. Plaintiff, individually and on behalf of the Class, seeks all remedies available under Cal. Civ. Code § 1798.84, including: (a) damages suffered by the member of the Class; (b) statutory damages; and (c) equitable relief.

45. Plaintiff, individually and on behalf of the Class, also seeks reasonable attorney's fees and costs under Cal. Civ. Code § 1798.84(g).

## THIRD CAUSE OF ACTION

**(For Breach of Contract)**

46. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

47. Plaintiff and the Class relied upon Defendant's representations regarding privacy and data security before purchasing retail health products and

10

CLASS ACTION COMPLAINT

services.

48. Defendant imposed upon itself an obligation to use reasonable and industry-standard security practices and procedures to protect Plaintiff's and Class members' data and personal information.

49. Plaintiff and the Class performed their obligations.

50. Plaintiff and the Class paid for, but never received, the valuable security protections to which they were entitled. Part of the price of the products and services was security and data protection.

51. Accordingly, Plaintiff, on behalf of herself and the other Class members, seek and order declaring that Anthem's conduct constitutes a breach of contract, and an award of damages in an amount equal to the difference in the free-market value of the secure services and/or products paid for and the insecure services and/or products they received and for all other damages proximately caused thereby.

## **FORTH CAUSE OF ACTION**

**(For Breach of Covenant of Good Faith and Fair Dealing)**

52. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

53. The law implies a covenant of good faith and fair dealing in every contract.

54. Plaintiff and the Class members contracted with Anthem by accepting Anthem's offers and paying for products and/or services.

55. Plaintiff and the Class performed all of the significant duties under their agreements with Anthem.

56. The conditions required for Anthem's performance under the contract has occurred.

57. Anthem did not provide and/or unfairly interfered with and/or frustrated the right of Plaintiff and the Class to receive the full benefits under their

1 agreement.

2   58.   Anthem breach the covenant of good faith and fair dealing implied in
3 its contracts with Plaintiff and the Class by failing to use and provide reasonable
4 and industry-leading security practices.

5   59.   Plaintiff and the Class were damaged by Anthem's breach in that they
6 paid for, but never received, the valuable security protections to which they were
7 entitled, and which would have made their products and services more valuable.

## FIFTH CAUSE OF ACTION

### (For Money Had and Received)

10   60.   Plaintiff incorporates all prior paragraphs as though fully set forth
11 herein.

12   61.   Anthem misrepresented its security practices and procedures to
13 Plaintiff and the Class.

14   62.   Anthem received money belonging to Plaintiff and the Class when it
15 sold them products and/or services with substandard security.

16   63.   Anthem benefited from the receipt of money and retained it.

17   64.   Anthem received money under circumstances that in equity and good
18 conscience it would not be able to retain.

19   65.   As a result of Anthem's misconduct, Plaintiff and the Class have been
20 harmed and are entitled to relief. Anthem is obligated to make restitution for its
21 customers' purchases of products and/or services.

23   Wherefore, Plaintiff and the Class she seeks to represent requests relief as
24 described below:

### PRAYER FOR RELIEF

26 WHEREFORE, Plaintiff prays for the following relief:

27   a.   An order certifying this matter as a class action;

28   b.   An order naming counsel herein as Class counsel;

1          c.      Consequential damages or statutory damages;

2          d.      For an order declaring that Anthem's acts and practices constitute a breach of contact;

4          e.      For an order enjoining Anthem from continuing to engage in unlawful business practices as alleged herein;

6          f.      Economic damages;

7          g.      Non-economic damages;

8          h.      Costs of suit incurred herein;

9          i.      Any and all prejudgment interest permitted by law;

10         j.      Reasonable attorney fees and costs of suit, including expert witness fees;

12         k.      Restitution; and

13         l.      For such further relief the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

///

///

///

13

CLASS ACTION COMPLAINT

|  | Respectfully Submitted, |
|---|---|
| Dated: February 5, 2015 | DESAI LAW FIRM, P.C.<br>Aashish Y. Desai (CA 187394)<br>Adrianne De Castro (CA 238930) |
|  | By: */s/ Aashish Y. Desai*<br>Aashish Y. Desai |
|  | 3200 Bristol Street, Ste. 650<br>Costa Mesa, CA 92626<br>Telephone: (949) 614-5830<br>Facsimile: (949) 271-4190<br>aashish@desai-law.com |
|  | DESAI LAW FIRM, P.C.<br>Aashish Y. Desai (TX 24045164)<br>401 Congress Ave., Ste. 1540<br>Austin, TX 78701<br>Telephone: (512) 687-3455<br>Facsimile: (512) 687-3499<br>aashish@desai-law.com |
|  | Attorneys for Plaintiffs |